[Civ. No. 9250.  Second Appellate District, Division One.—June 7, 1935.]

GRACE A. CRAWFORD, Respondent, v. S. SENEGRAM, Appellant.

Henry Haves and Michael M. Moser for Appellant.

Birger Tinglof for Respondent.

SHINN, J., *pro tem.*—Action for damages for assault and battery. Plaintiff had judgment by the court without a jury, from which defendant appeals. Upon conflicting evidence, the court found that the defendant Philip Senegram committed acts of violence upon the person of plaintiff, consisting of seizing and injuring her arm in an argument in the defendant's office. The testimony of plaintiff, corroborated by that of her husband, who was present, is ample to sustain the findings of the court.

One of the alleged errors relied upon by appellant is that the court refused to view the premises where the altercation took place. Another point is that the court declined to reopen the case upon motion of the defendant, for the receipt of further evidence, and a third point is that the court refused to allow the defendant to withdraw an amended answer which he had verified and filed during the trial of the case. The argument advanced for a reversal of the judgment is wholly without merit. The premises in question were diagramed and thoroughly explained by the witnesses. It clearly appears from the record that the court very correctly deemed a view of the premises to be unnecessary.

The additional testimony sought to be introduced on a reopening of the case related to a matter of impeachment of the testimony of plaintiff by contradictory evidence. The facts sought to be proved were set forth in affidavits and it was not questioned that the witnesses sought to be called would have testified in accordance with the statements contained in the affidavits. In denying the motion, the court doubtless declined to receive the proffered evidence for the reason that the same would not have altered the court's conclusions as to the facts. The ruling was a proper exercise of the court's discretion and is therefore conclusive.

The amended answer, verified by the defendant, admitted the use of force to remove plaintiff from the office of defendant. By his original answer and in his testimony, the defendant denied the use of any force. After the amended answer was filed, when questioned by the court as

to his inconsistent statements, defendant testified that he signed and made oath to the verification at the request of his attorney and without reading the amended answer or knowing what it contained. His counsel then requested leave to withdraw the answer, which the court denied. The granting of the application would not have altered the facts. Defendant made at least two sworn statements inconsistent with each other. In asking to withdraw the answer, defendant evidently sought to evade responsibility for his contradictory statements. No reason appears why he should have been granted this privilege. The court had before it the sworn admission by defendant of the use of force upon the person of plaintiff and also heard his explanation as to the circumstances of his verification of the pleading. If, as he now contends, the trial court was of the opinion that these contradictions bore strongly upon the defendant's credibility, we can see nothing improper or unreasonable in that deduction and nothing of which defendant can complain.

The case was tried by the court in a painstaking manner. It was reopened twice at the request of defendant to allow additional evidence. The only question to be determined by the court was one of fact. The trial was in every respect a full and fair hearing of the evidence on both sides.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.